## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT MARYLAND
## (NORTHERN DIVISION)

| | | |
|---|---|---|
| **GREATER NEW YORK MUTUAL INSURANCE COMPANY,** | * | |
| 200 Madison Avenue | * | |
| New York, NY 10016 | | |
| | * | |
| Plaintiff, | | |
| | * | |
| v. | * | CASE NO.:_____ |
| | * | |
| **STONESTREET CONTRACTING, INC.,** | | |
| 5518 North Annapolis Drive | * | |
| Mt. Airy, Maryland 21771 | | |
| **SERVE ON:** | * | |
| **Steve F. Stonestreet** | | |
| 5518 North Annapolis Drive | * | |
| Mt. Airy, Maryland 21771 | | |
| | * | |
| Defendant. | | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT

COMES NOW Plaintiff, Greater New York Mutual Insurance Company ("GNY"), through counsel, and hereby files this civil action against Stonestreet Contracting, Inc. ("Stonestreet"), and in support thereof, states as follows:

## NATURE OF THE ACTION

This is a subrogation action for damages arising out of negligent work performed on the floor of a condominium that caused a fire and substantial water damage to condominium building located at 2122 California Street, N.W., Washington, D.C. 20009.  GNY paid for the cost of repair pursuant to the policy of insurance in place at the time of the loss, and now seeks to recover from the Defendant the extent of those payments.

## PARTIES

1.      Plaintiff, Greater New York Mutual Insurance Company ("GNY") is an insurance company organized under the laws of the State of New York, with its principal place of business in New York, NY, and has a certificate of authority to conduct the business of insurance in the District of Columbia.

2.      At all relevant times, GNY provided insurance coverage to Westmoreland Cooperative C/O GHA Community Management ("Westmoreland") for the property located at 2122 California Street, N.W., Washington, D.C. 20009, subject to the terms and conditions of a Policy of insurance with effective dates of January 1, 2018 through January 1, 2019 (the "Policy").

3.      Stonestreet was, at all relevant times, and still is a corporation organized under the laws of Maryland with its principal place of business in Maryland.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a). This is a civil action where jurisdiction is founded on diversity of citizenship and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

5.      Venue is proper under 28 U.S.C. § 1391(b)(1) because the defendant resides in Maryland.

6.      This Court has personal jurisdiction over Stonestreet because it is incorporated and domiciled in the state of Maryland.

## FACTS COMMON TO ALL COUNTS

7.      At all times material hereto, Westmoreland managed the property located at 2122 California Street, N.W., Washington, D.C. 20008 (the "Property").

8.      At all times material hereto, Plaintiff GNY provided property insurance for the Property, pursuant to a policy of insurance bearing policy number 6119M49851.

9.      On or before Thursday, June 28, 2018, Stonestreet was retained to refinish an area of the floor of unit 354 of the Property.

10.      In refinishing the floor of unit 354 of the property, Stonestreet used an oil-based stain.

11.      During its work, Stonestreet left oil-soaked rags inside a cardboard box in the southwest corner of the living room area.

12.      Stonestreet knew from its prior experience, training, and/or warning labels on the oil-based stain that it was a fire hazard and improper to leave oil-soaked rags inside a cardboard box in the southwest corner of the living room area.

13.      Following the fire, movement and intensity patters were directional to the southwest corner of the living room.

14.      Following the fire, layering of the debris found a metal container labeled as oil-based stain.

15.      The oil-soaked rags improperly discarded by Stonestreet heated to its ignition point through oxidation. When the heat has no way to escape, the temperature raised to a level high enough to ignite the oil and ignite the rag or cloth. The fire then spread quickly to other combustibles and caused severe and extensive damage to the property.

16.      The Washington, D.C. Fire Department responded to the fire, and pumped water onto the Property for an hour and a half to extinguish the blaze.

17.      The water used to extinguish the blaze caused severe and extensive water damage to the Property.

3

18.     The fire caused severe and extensive fire and water damage to the Property in an amount not less than $297,983.25.

19.     Pursuant to the terms and conditions of the Policy, GNY paid Westmoreland for property damage due and owing under the Policy.

20.     In accordance with the common law principles of equitable and/or legal subrogation, as well as the terms and conditions of the Policy, GNY is subrogated to the rights of Westmoreland to the extent of its payments.

## Count 1
### Negligence

21.     GNY adopts by reference and incorporates each and every allegation set forth above as though fully set forth herein.

22.     Stonestreet had a duty to safely and property discard oil-saturated materials from the property so as not to start a fire, and to otherwise make sure its actions did not damage the Property.

23.     Stonestreet breached its duty to safely and property discard oil-saturated materials from the property so as not to start a fire, and to otherwise make sure its actions did not damage the Property.

24.     As a direct and proximate result of Stonestreet's negligence and carelessness, a fire occurred at the Property, causing severe and extensive damage to the Property.

25.     The aforementioned fire and the resulting damages sustained by Westmoreland, was directly and proximately caused by the negligence, carelessness, recklessness, gross negligence, and/or omissions of Stonestreet, both generally and in the following particulars:

        (a) causing or allowing a fire to occur at the Property;

(b) failing to exercise reasonable care when using oil-based stain to refinish the floor of the Property;

(c) failing to exercise reasonable care when discarding oil-saturated rags used to apply oil-based stain;

(d) failing to use a safe and acceptable receptacle when discarding oil-saturated rags used to apply oil-based stain;

(e) failing to properly supervise use of oil-based stain;

(f) failing to provide safe and adequate means for the removal of oil-saturated rags used to apply oil-based stain;

(g) allowing the oil-based stain to be used in an unsafe manner;

(h) causing or allowing a fire hazard to exist within the Defendant Property;

(i) otherwise failing to use due care under the circumstances.

26.     Pursuant to the terms and conditions of the Policy, GNY paid Westmoreland for property damage due and owing under the Policy.

27.     In accordance with the common law principles of equitable and/or legal subrogation, as well as the terms and conditions of the Policy, GNY is subrogated to the rights of Westmoreland to the extent of its payments.

**WHEREFORE,** Plaintiff, Greater New York Mutual Insurance Company, demands judgment against Defendant, Stonestreet Contracting, Inc., in the amount of two-hundred ninety seven thousand nine-hundred eighty three dollars and twenty-five cents ($297,983.25) in damages, plus costs, prejudgment interest, post-judgment interest, and any other relief the Court deems just and proper.

Respectfully submitted,

/s/  Bryant S. Green
V. Timothy Bambrick (Bar No. 01186)
Bryant S. Green, Esq. (Bar No. 19752)
NILES, BARTON & WILMER, LLP
111 S. Calvert St., Suite 1400
Baltimore, MD 21202
(410) 783-6421
(410) 783-6478 – *facsimile*
vtbambrick@nilesbarton.com
bsgreen@nilesbarton.com
*Attorneys for Plaintiff*
*Greater New York Mutual Insurance Company*

4850-5848-8239, v. 2