# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

**CHAMBERS OF**
**DEBORAH L. BOARDMAN**
**UNITED STATES MAGISTRATE JUDGE**

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7810**
**(410) 962-2577 FAX**
**MDD_DLBChambers@mdd.uscourts.gov**

August 5, 2020

RE: *Greater New York Mutual Insurance Company v. Stonestreet Contracting, Inc.*,
DLB-19-3589

## MEMORANDUM TO COUNSEL

This memorandum confirms the trial date that was set in this case during our July 28, 2020 telephone conference, and it provides the pretrial schedule and instructions relating to trial preparation.

| | |
|---|---|
| **September 30, 2020 at 9:30 a.m.** | Status Call Regarding Trial Preparations and Logistics |
| **October 23, 2020** | Deadline for Submitting Motions *In Limine*, Joint Pretrial Order, and Exhibits |
| **November 6, 2020** | Deadline for Submitting Responses in Opposition to Motions *In Limine* |
| **November 16, 2020 at 3 p.m.** | Pretrial Conference via Zoom |
| **December 7, 2020 at 9:00 a.m.** | Commencement of Three-Day Bench Trial via Zoom |

### Proposed Pretrial Order

The joint pretrial order must comply with all provisions of Local Rule 106. The purpose of this proposed order is to summarize what is established and what needs to be resolved at trial. The proposed pretrial order shall include final stipulations, or requests for stipulations, of specific facts, which include the legal theories relied upon in each claim and defense. *See* Loc. R. 106.2(f). With regard to evidence, the proposed pretrial order must include a detailed list of "exhibits the parties agree may be offered in evidence without the usual authentication." Loc. R. 106.2(h). The

list of documents should be detailed and include each document by title.  The list of witnesses must satisfy Local Rule 106.2(i).  For depositions under Fed. R. Civ. P. 32, the parties shall include "[a] list of the pages and/or lines of any portion of a deposition to be offered in a party's case in chief or any counter-designations."  Loc. R. 106.2(k).  If the parties do not plan to use depositions in their cases in chief, they may reserve the right to use depositions for impeachment.  The parties should state whether there is agreement on the admissibility of each document and any testimony to be presented as evidence.  *See* Loc. R. 106.2(g), (*l*), (m).

In addition to the information required by Local Rule 106.2(j), the pretrial order shall include for each party a concise summary of the opinion testimony expected from each witness identified by that party pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B) who may testify at trial. *See* Loc. R. 106.2(m).  The parties shall identify those witnesses designated pursuant to Rule 26(a)(2)(A) separately from those designated pursuant to Rule 26(a)(2)(B).

### Motions in Limine

Motions *in Limine* and Responses in Opposition should be submitted in informal letters of no more than three pages, single-spaced, for each discreet evidentiary issue.

### Guaranteeing Witness Availability

Absent emergency circumstances, a party will guarantee the presence at trial of any witness that party lists in the pretrial order in accordance with Local Rule 106.2(i).

### Exhibits

In addition to the objections noted on the pretrial order, please be prepared to advise me at the pretrial conference of any unresolved objections to the documents and exhibits listed in the pretrial order in accordance with Local Rule 106.2(g).  Any objections not disclosed at that time, other than objections under Fed. R. Evid. 401 and 403, shall be deemed waived at trial, unless excused for good cause shown. Fed. R. Civ. P. 26(a)(3).  The parties should attempt to agree on the admissibility of all exhibits if possible.

All exhibits must be tagged and numbered prior to trial in accordance with Local Rule 106.7(a).  You must meet with one another prior to trial to review and make available for copying one another's exhibits in accordance with Local Rule 106.7(b).  The parties shall highlight the relevant portion(s) of any exhibit that is longer than three pages. Copies of the parties' proposed exhibits must be submitted to me in a three-ring binder.  The binder shall not be larger than three-inch rings; if more space is needed, the parties shall provide additional binder(s).  The parties also shall submit a PDF of their exhibits, with each exhibit bookmarked.

The parties also should provide to me impeachment exhibits that each party intends to offer into evidence at trial. Impeachment exhibits need not be disclosed to other parties.

## Use of Courtroom Equipment

The trial in this case is scheduled to proceed virtually because of the global pandemic. The parties should make every effort to find a virtual platform that allows for the contemporaneous examination of witnesses and the presentation of documentary exhibits. Ideally, the parties and the Court should be able to view the witness and exhibit on the screen at the same time.

In the event that an in-person bench trial is possible, please be prepared to advise me at the conference if you would like to use at trial any courtroom equipment. The court has available for your use DVD players and monitors, x-ray boxes, and one electronic evidence presenter.

## Trial Instructions

Please read carefully the attached memorandum entitled "Instructions To Counsel Regarding Trial Procedure And Conduct," some of which will not apply unless the bench trial is held in person. You are responsible for knowing the contents of these instructions and all of the provisions of Local Rule 107 concerning trial conduct.

Although informal, this is an Order of the Court and shall be docketed as such.

/S/
Deborah L. Boardman
United States Magistrate Judge

Attachments: (1)

INSTRUCTIONS TO COUNSEL REGARDING TRIAL PROCEDURE AND CONDUCT[1]

1. **Efficient Use of Courtroom Time**

You must always be on time. You must anticipate objections in order to avoid unnecessary bench conferences.

2. **Exhibits**

A. You must pre-mark exhibits.

B. You should not formally move exhibits into evidence. Under Local Rule 107.5.b they are admitted when they are first mentioned during the questioning of a witness unless the opposing party objects or unless the party mentioning them asks that they be marked for identification only.

C. If you plan to use exhibit books, you must first confer with opposing counsel about their contents and bring to the attention of the court any matters in dispute. You must provide copies for one lawyer per party, a copy for the witness, and a copy for the judge.

3. **Witnesses**

You must treat witnesses with courtesy and respect and address them by their surnames (except persons under the age of 18).

4. **Prohibited Questions and Remarks**

A. You may not ask a witness whether it "would surprise you to know" that a certain event occurred.

B. You may not ask "if I were to tell you that another witness testified to a certain fact, would you disagree with him?" (or "was she lying?" or "not telling the truth?")

C. You may not remind a witness that he is under oath.

5. **Movement In The Courtroom**

A. You must stand when addressing the court.

B. You may (unless recording or amplification equipment otherwise requires) ask questions of a witness from any fixed location in the well of the court but you may not ask questions while pacing around the courtroom.

C. You may approach a witness to show an exhibit without prior approval of the court but may not do so for any other reason.

6. **Objections**

You may not make speaking objections.

7. **Opening Statements and Closing Arguments**

---

[1] These instructions are based in part on Local Rule 107. You must be fully familiar with all of the provisions of that Rule.

A. Unless otherwise ordered by the court, no opening statement or closing argument (including rebuttal argument) shall exceed one hour.

B. During closing argument you may not state your personal opinion as to the merits of your case, the credibility of a witness, or the culpability of a civil litigant.

8. **Exclusion of Witnesses Rule and Talking to Witnesses on the Stand**

Local Rule 107.7 describes the meaning of the exclusion of witness (sequestration) rule. Local Rule 107.14 describes when counsel may talk to a witness on the stand.

9. **Cell Phones and Other Electronic Devices**

You must turn off (and instruct your clients and witnesses to turn off) all sound on cell phones and other electronic devices before entering the courtroom.

10. **Food and Drink**

You may not bring any food or drink (other than water) into the courtroom. If you want to use bottled water, you must pour it into the pitchers provided by the court.

11. **Use of Courtroom Telephone Prohibited**

You may not use the courtroom telephone unless authorized by the court.